# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE CHAIDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>M. McDONALD, Warden,<br><br>    Respondent. | Case No. CV 11-10335-SJO (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. Section 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Petitioner has filed Objections to the Report and Recommendation.

    Petitioner contends that the Magistrate Judge erroneously addressed Ground Two solely as a Confrontation Clause claim, and did not address his due process challenge to the admission of Miriam Gomez's testimony that the victim had told her that he had previously shot at Petitioner. (Objections at 10.) The Court agrees that buried in Petitioner's Confrontation Clause claim in Ground Two are references to due process, which the Magistrate Judge did not address as a separate claim. Assuming that Petitioner properly raised this due process claim, it does not warrant federal habeas relief. In the absence of clear rulings by the Supreme Court that the admission of prejudicial evidence violates due process, the California Court of Appeal's rejection of this claim could not be an unreasonable application of clearly established law under 28 U.S.C. § 2254(d)(1). See Holley v.

1  Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009).  Moreover, the California Court of Appeal
2  found that Gomez's testimony fell within the hearsay exception for statements against penal
3  interest, and there were permissible inferences the jury could draw regarding Petitioner's
4  motive.  See Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991).

5      Petitioner further contends that the Magistrate Judge erroneously construed Ground
6  Five solely as a challenge to the trial court's denial of his motion for a new trial, whereas in
7  his Traverse he also raised a Sixth Amendment claim challenging the trial court's refusal to
8  substitute counsel for purposes of the motion for a new trial.  (Objections at 20.)  Petitioner
9  did not challenge the trial court's refusal to substitute counsel in the California Supreme
10 Court or in his Second Amended Petition, nor did he clearly raise such a claim in his
11 Traverse.  The Magistrate Judge correctly construed Petitioner's references to the Sixth
12 Amendment in the Traverse as an ineffective assistance of counsel claim, and addressed
13 that claim in conjunction with Ground Seventeen.  (Report and Recommendation at 69-71.)
14 The Court exercises its discretion not to consider this newly raised and unexhausted claim.
15 See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) (court may refuse to
16 consider claim raised for first time in traverse).

17     The Court has considered Petitioner's remaining contentions and finds them without
18 merit.  Having made a de novo determination of the portions of the Report and
19 Recommendation to which the Objections are directed, the Court accepts the findings and
20 conclusions of the Magistrate Judge.

21     IT IS ORDERED that: (1) the Second Amended Petition for Writ of Habeas Corpus is
22 denied; and (2) Judgment shall be entered dismissing the action with prejudice.

23
24     February 11, 2015.                                         *S. James Otero* (signature)
25 DATED: _____
26                                                               S. JAMES OTERO
                                                                 UNITED STATES DISTRICT JUDGE
27
28                                          2